UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Detroit Memorial Park Association, Inc.,
*et al.*,

        Plaintiffs,

v.                                       Case No. 14-14156

City of Detroit Board of Zoning Appeals,      Sean F. Cox
 *et al.*,                                  United States District Court Judge

        Defendants.

_____/

## OPINION & ORDER

      Plaintiffs wish to use a parcel of property in the City of Detroit, that was formerly a golf

course, as a cemetery.  In this action, Plaintiffs assert two federal Constitutional claims: 1) that

they were denied due process with respect to the zoning decisions relating to the property (Count

(III); and 2) that the zoning decisions resulted in the taking of private property without payment

of just compensation (Count IV).  Plaintiffs also ask the Court to exercise supplemental

jurisdiction over two state-law claims: 1) an appeal of the zoning decision (Count I); and 2)

alleged violations of Michigan's Open Meetings Act (Count II).  The matter is currently before

the Court on three Motions to Dismiss filed by Defendants, which all raise the same issues.  The

parties have briefed the issues and the Court heard oral argument on April 23, 2015.

      In the pending motions, Defendants ask this Court to abstain from hearing Plaintiffs'

federal claims (Counts III and IV) under either the *Burford* or *Pullman* abstention doctrines.

They also ask the Court to decline to exercise supplemental jurisdiction over Plaintiffs' state-law

claims (Counts I and II).  As explained below, this Court concludes that Defendants have not

1

established that the Court should abstain from hearing the federal claims under either the *Burford* or *Pullman* doctrines. Thus, Plaintiff's federal claims shall proceed in this action. With respect to Plaintiffs' state-law claims, however, this Court declines to exercise supplemental jurisdiction over those claims and shall dismiss them without prejudice.

## BACKGROUND

Plaintiffs the Detroit Memorial Park Association, Inc. ("DMPA") and Greater Grace Temple ("Greater Grace") (collectively "Plaintiffs") filed this action on October 28, 2014, asserting claims against the following Defendants: 1) the City of Detroit Board of Zoning Appeals; 2) Robert G. Weed; 3) Beverly Bee Smith; 4) Keith Williams; 5) Antonette McIlwain; 6) Paul Huxley; 7) Robert E. Thomas; 8) Evelyn Smith; 9) Tonya Stapleton; and 10) Helen Sharpley.

The property at issue in this action "was a park and golf course that the City [of Detroit] owned until 2007, when the City determined it could no longer afford the losses in operating the course." (Compl. at ¶ 3). Greater Grace, a nearby church, purchased the property from the City of Detroit. (*Id.*). Greater Grace has negotiated a contract to sell the property to the DMPA. The DMPA wishes to use the property as a cemetery. But the City of Detroit's Buildings Safety Engineering & Environmental Department ("BSEED") denied the DMPA's conditional use application for the property zoned R1. The DMPA then appealed that decision to Defendant Zoning Board of Appeals for the City of Detroit ("ZBA") and the ZBA denied the appeal. The individual Defendants are members of the ZBA (Weed, Huxley, McIlwain, Beverly and Evelyn Smith, Thomas, and Williams), the BSEED (Stapleton), and the Detroit Planning and Development Department (Sharpley).

Plaintiffs filed the action in federal court based upon federal-question jurisdiction over Counts III and IV. Plaintiffs ask this Court to exercise supplemental jurisdiction over their remaining state-law claims. (Compl. at ¶ 21). Notably, Plaintiffs made a demand for a jury. (Compl. at Pg ID 64). Plaintiffs' Complaint asserts four counts.

**Count I – State-Law Appeal Of Zoning Decision**

The first count in Plaintiffs' Complaint is titled, "Count I – Claim Of Appeal And Declaratory Judgment."

Under Michigan law, a party aggrieved by a decision of the zoning board of appeals "may appeal to the circuit court for the county in which the property is located." Mich. Comp. Laws § 125.3606. That state-law statute provides that the "circuit court shall review the record and decision to ensure that the decision": (a) "Complies with the constitution and laws of the state;" (b) "Is based upon proper procedure;" (c) "Is supported by competent, material, and substantial evidence on the record;" and (d) "Represents the reasonable exercise of discretion granted by law to the zoning board of appeals." The circuit court reviewing a decision by a zoning board of appeals "may affirm, reverse, or modify the decision," "order further proceedings on conditions that the court considers proper," or "may make other orders as justice requires."

In Count I, Plaintiffs seek to have their zoning appeal decided in federal court. Nevertheless, Plaintiffs also filed an appeal in Wayne County Circuit Court appealing the adverse decision from the ZBA. (*See* Exs. A & B to Docket Entry No. 4).

**Count II - Violation Of Michigan's Open Meetings Act**

Second, Plaintiff's Complaint includes "Count II – Violations Of Michigan Open

3

Meetings Act." In Count II, Plaintiffs allege that the ZBA and the individual Defendants have violated Michigan's Open Meetings Act, Mich. Comp. Laws § 15.261 *et seq*., in connection with their deliberations and meetings. Plaintiffs ask the Court to find that Defendants have violated the Open Meetings Act in their individual and official capacities, award Plaintiff's $500 per violation, and order such further relief as this Court deems equitable.

Michigan's Open Meetings Act provides that "any person may commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of the act." Mich. Comp. Laws § 15.270(1). The circuit court may invalidate any decision made by a public body under various circumstances. *Id.* Mich. Comp. Laws § 15.270(2). The Open Meetings Act also allows a person to file suit to enjoin further noncompliance with the act. Mich. Comp. Laws § 15.271 (1). The Open Meetings Act provides that a public official who intentionally violates the act can be fined $500.00. Mich. Comp. Laws § 15.273.

**Count III - Due Process Violation**

Third, Plaintiff's Complaint includes "Count III 42 U.S.C. § 1983." In Count III, Plaintiffs assert that, in connection with the decisions rendered by the BSEED and ZBA, Defendants have violated Plaintiffs' due process rights under the United States Constitution and Michigan's Constitution. Plaintiffs seek monetary damages and injunctive relief as to Count III.

**Count IV – Takings Claim**

Fourth, Plaintiff's Complaint includes "Count IV Taking Of Private Property Without Just Compensation." In Count IV, Plaintiffs allege that the "decisions of the ZBA, and the decisions of" the BSEED have "resulted in the taking of private property without payment of just compensation," in violation of the United States Constitution and Michigan's Constitution.

4

**Defendants' Motions To Dismiss**

Defendants have filed the following three Motions to Dismiss: 1) the City of Detroit Board of Zoning Appeals' Motion to Dismiss (Docket Entry No. 4); 2) a Motion to Dismiss filed by Defendants Weed, Williams, Huxley, Thomas, Evelyn Smith, Stapleton, and Sharpley (Docket Entry No. 17); and 3) a Motion to Dismiss filed by Beverly Bee Smith (Docket Entry No. 19). All three motions are brought pursuant to Fed. R. Civ. P. 12(b)(1), and all three motions raise the same challenges.

## ANALYSIS

In the pending motions, Defendants ask the Court to abstain from hearing Plaintiffs' federal claims, and also ask the Court to decline to exercise jurisdiction over Plaintiffs' state-law claims.

**I.    Should The Court Abstain From Addressing Plaintiff's Purported Federal Claims (Counts III & IV)?**

In all three of the pending Motions to Dismiss, Defendants' primary argument is that under the *Burford* and *Pullman* abstention doctrines, this Court should abstain from hearing Plaintiff's federal claims (Counts III & IV).

As a backdrop to their abstention arguments, Defendants assert that "there is no disputing that the BZA's actions in this matter were undertaken pursuant to the Michigan Zoning Enabling Act ('MZEA'), MCL §125.3101" *et seq*. and the "MZEA provides the exclusive method to appeal decisions made by boards of zoning appeals, namely by appeal to the circuit court." (Docket Entry No. 4 at 4). Defendants assert that "[b]ecause land disputes implicate important local issues, federal courts, routinely abstain from becoming involved in such disputes unless

5

and until it is clearly necessary and appropriate to do so." *Id.*

      **A.**     ***Burford* Abstention**

Defendants first contend that this Court should abstain from hearing Plaintiffs' federal claims under the *Burford* abstention doctrine. In support of its argument that the Court should abstain under the *Burford* doctrine, Defendants direct the Court to: 1) *MacDonald v. Village of Northport, Michigan*, 164 F.3d 964 (6th Cir. 1999); 2) *Camp v. City of Charlevoix*, 2008 WL 4185954 (W.D. Mich. 2008); and 3) *Pomponio v. Fauquier Cnty. Bd. of Supervisors*, 21 F.3d 1319 (4th Cir. 1994).

In response, Plaintiffs contend that this Court should not abstain from hearing their federal claims under *Burford* and direct the Court to *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620 (6th Cir. 2009). Plaintiffs contend that Defendants' *Burford* abstention argument should be rejected because: 1) "Defendants have not made a strong showing of the coherent state policies or highly complex, unsettled state law issues required for *Burford* abstention;" and 2) the Sixth Circuit has expressly rejected the very cases that Defendants rely on.

Based on *Saginaw Housing*, the Court agrees with Plaintiffs.

As noted in *Saginaw Housing*, "[a]bstention is 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," and a district court's decision to abstain under *Burford* is reviewed de novo. *Saginaw Housing*, 576 F.3d at 625 (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries, Int'l, Ltd.*, 556 F.3d 459, 467 (6th Cir. 2009)). The Supreme Court has summarized the *Burford* abstention doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state

6

> administrative agencies: (1) when there are "difficult questions of state law
> bearing on policy problems of substantial public import whose importance
> transcends the result in the case then at bar"; or (2) where the "exercise of federal
> review of the question in a case and in similar cases would be disruptive of state
> efforts to establish a coherent policy with respect to a matter of substantial public
> concern."

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

In *Saginaw Housing*, the Sixth Circuit addressed an issue of first impression concerning the *Burford* abstention doctrine:

> The question in this appeal is one of first impression in this circuit: whether a
> federal court should abstain from a decision involving the interpretation of a local
> land use ordinance. We find that it should not.

*Saginaw Housing*, 576 F.3d at 626.  In so holding the Sixth Circuit explained that "[e]very case in which we have found *Burford* abstention appropriate has involved evidence that federal involvement would disrupt a coherent state policy. *See Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 424 (6th Cir.2007) (state utility regulation); *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 480–81 (6th Cir.2004) (state air pollution regulation); *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 665 (6th Cir.2002) (state corporate dissolution procedures); *MacDonald v. Village of Northport, Mich.*, 164 F.3d 964, 968 (6th Cir.1999) (state land plat supervision); *Coal. for Health Concern*, 60 F.3d at 1194–95 (state hazardous waste removal regulation); *Ada–Cascade Watch Co.*, 720 F.2d at 904–05 (state hazardous waste treatment regulation)." *Id.*

The Court noted that "emphasis on state policy is in keeping with the Supreme Court's emphasis on the disruption of state regulatory processes:"

> *Burford* repeatedly articulates the purpose of abstention as facilitating the
> relationship between the federal government and the states. It notes the

7

> importance of preserving "the rightful independence of state governments in
> carrying out their domestic policy." *Burford*, 319 U.S. at 318, 63 S.Ct. 1098.
> *Municipalities have no such independence.* Municipalities, unlike states, "are not
> themselves sovereign." *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 39, 105
> S.Ct. 1713, 85 L.Ed.2d 24 (1985). "[T]hey do not receive all the federal deference
> of the States that create them." *City of Lafayette, La., v. La. Power & Light Co.*,
> 435 U.S. 389, 412, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978) (plurality opinion). The
> only authority they possess is derived from the state. *See Cmty. Commc'ns. Co.,
> Inc. v. City of Boulder, Colo.*, 455 U.S. 40, 53, 102 S.Ct. 835, 70 L.Ed.2d 810
> (1982).

*Id.* at 626 (italics added for emphasis).  Therefore, you "look to *state policy* to determine if

*Burford* abstention is warranted."  *Id.* (emphasis added).

The Sixth Circuit then went on to consider the state policy at interest in that case and

found that it did not warrant *Burford* abstention:

> *The evidence of a coherent state policy here is minimal.* The City of Saginaw
> drafted and implemented the ordinances under the authority of the Township
> Zoning Act. See MICH. COMP. LAWS § § 125.271– 125.310. The Township
> Zoning Act did not provide substantive guidance for municipalities; instead, it
> provided localities the authority to create zoning ordinances, subject to certain
> procedural protections not at issue here. See MICH. COMP. LAWS § 125.271.
> The Township Zoning Act also did not create any state administrative agency to
> implement the Township Zoning Act; instead, it left administration of local
> zoning ordinances to the localities themselves. *Id.*
>
> The Township Zoning Act also does not display any other hallmarks of a
> complex and uniform approach to land use issues. While the Township Zoning
> Act vests appeals from zoning commissions in the local circuit courts, there is no
> provision for mandatory joinder of any state official. *Compare MacDonald*, 164
> F.3d at 968. Similarly, state oversight of zoning is nowhere near as
> comprehensive as state corporate law governing corporate dissolution. Compare
> *Caudill*, 301 F.3d at 665. *Put simply, while land use policy is undoubtedly of
> substantial public concern, there is no evidence that the state's interest in that
> policy has led to the type of coherent state policy that would warrant Burford
> abstention.*

*Saginaw Housing*, 576 F.3d at 627 (italics added for emphasis).[1]  The court summarized its

ruling as follows:

> To summarize, we hold that *Burford* abstention applies only to statewide policies
> and that the appropriate focus for *Burford* abstention is state policy, rather than
> local policy. Additionally, we hold that the zoning dispute in this case does not
> implicate the kind of coherent state policy that would warrant *Burford* abstention.

*Id.* at 628.

In addition, the Sixth Circuit discussed the Fourth Circuit's *Pomponio* decision that

Defendants rely on in this case and expressly rejected its approach as it relates to local zoning

ordinances:

> We recognize that we previously have cited favorably the Fourth Circuit's
> decision in *Pomponio v. Fauquier County Bd. of Supervisors*, 21 F.3d 1319, 1327
> (4th Cir. 1994) (en banc), which held that "absent unusual circumstances, a
> district court should abstain under the *Burford* doctrine from exercising its
> jurisdiction in cases arising solely out of state or local zoning or land use law,
> despite attempts to disguise the issues as federal claims." *See MacDonald*, 164
> F.3d at 969. However, our decision in *MacDonald* cited *Pomponio* only in dicta.
> Furthermore, *MacDonald* did not involve a local ordinance, and it cited
> *Pomponio* favorably for the importance of state land use policy, not for
> *Pomponio's* application of *Burford* abstention to local ordinances. *Id.* We now
> find the Fourth Circuit's approach unpersuasive as it applies to local zoning
> ordinances.

*Saginaw Housing*, 576 F.3d at 628.

Accordingly, Defendants' reliance on *Pomponio* is misplaced, because the Sixth Circuit

has expressly rejected its approach as it relates to local zoning ordinances.  And Defendants'

---

[1]The court noted that "Michigan has since replaced the Township Zoning Act with the
Zoning Enabling Act. See MICH. COMP. LAWS §§ 125.3101–125.3702. Like the Township
Zoning Act, the Zoning Enabling Act provides municipalities with the authority to create and
implement zoning ordinances but does not provide any substantive guidance in developing the
ordinances. MICH. COMP. LAWS § 125.3401."  *Id.* at n. 4.

9

reliance on *MacDonald* is misplaced because it can be distinguished in that it did not involve a local ordinance.

Under *Saginaw Housing*, this Court must look to "state policy to determine if *Burford* abstention is warranted."

In their motions, Defendants assert that "[a]ny conclusions reached by this Court might be, 'disruptive of state efforts to establish a coherent policy with respect to a matter of substantial concern'" but they direct the Court to nothing more than land use laws. Moreover, the Sixth Circuit has found that "while land use policy is undoubtedly of substantial public concern, there is no evidence that the state's interest in that policy has led to the type of coherent state policy that would warrant *Burford* abstention." *Saginaw Housing*, 576 F.3d at 628.

Defendants' opening briefs did not discuss *Saginaw Housing*. In the one Reply Brief that Defendants filed (Docket Entry No. 23), Defendants try to distinguish this case from *Saginaw Housing* and argue that this case is analogous to *MacDonald*:

> The key distinction between this case and Saginaw is that in Saginaw, there was no BZA decision and no state court appeal of a BZA decision. Michigan has established a coherent and comprehensive state policy that governs BZA appeals – the forum, timing, procedure, standard of review and available relief. MCL 125.3606.
> This case is analogous to *Macdonald v. Village of Northport*, 164 F.3d 964 (6th Cir. 1999) – a case cited with **approval** in *Saginaw. Saginaw, supra*, 576 F.3d 620, 626. *Macdonald* involved a dispute relating to the ownership and land use of a portion of a platted street. The Sixth Circuit held: "Because Michigan law provides a regulatory scheme to address disputes relating to land use, the district court properly abstained from deciding the case." *Id.*, 164 F.3d 964, 966, emphasis added.

(*Id*. at 5-6) (emphasis in original).

A careful reading of *Saginaw Housing,* however, shows why this case is not analogous to

*MacDonald*.  In *Saginaw Housing*, the Sixth Circuit explained that "[i]n most cases in which we have applied *Burford*, the creation of an agency to promulgate and administer the state policy has served as evidence of the state's level of concern and of its desire for uniform application of the policy." *Saginaw Housing*, 576 F.3d at 627.  The *Saginaw Housing* Court then explained that while there was not an agency devoted to the implement the state policy at issue in *MacDonald*, particular features of the regulatory scheme that addresses disputes – the involvement of the state in every such action – justified *Burford* abstention:

> In *MacDonald*, meanwhile, a state statute provided that a party seeking to challenge a recorded plat must bring suit in state circuit court *and that the state treasurer, state director of the department of natural resources, and the relevant township must all be joined.* 164 F.3d at 968. The statute provided for *mandatory joinder of these parties to ensure that the state agencies and townships would review both the plat and the challenge to it. See id.* Further, if the suit resulted in a change to a plat providing public access to a lake, the statute provided the *state an opportunity to take the property* as an ingress or egress point. *Id. These features demonstrated that Burford abstention was appropriate. Id. Notably, while the statute at issue provided for the joinder of the local township, our focus was on the state's interests—not those of the township.*

*Saginaw Housing*, 576 F.3d at 628 (italics added for emphasis).

Here, the Defendants point to Michigan's Zoning Enabling Act to justify *Burford* abstention.  But unlike the statutory scheme at issue in *MacDonald*, this act does not require the state as a mandatory party to appeals of zoning decisions.  *See* Mich. Comp. Laws § 125.3606. Thus, the statute simply does not have the key features that justified *Burford* abstention in *MacDonald.*

This Court concludes that Defendants have not established that *Burford* abstention is

11

2:14-cv-14156-SFC-RSW   Doc # 24   Filed 05/14/15   Pg 12 of 19   Pg ID 613

warranted in this action.[2]

### B. *Pullman* Abstention

Defendants' motions also ask this Court to abstain from hearing Plaintiffs' federal claims based upon the *Pullman* abstention doctrine. This argument is made in the same cursory fashion in all three motions:

> The *Pullman* doctrine's support for this motion is based on similar reasoning, and its influence in support of dismissal should be considered complementary. The Sixth Circuit Court of Appeals aptly explained the rationale behind the *Pullman* doctrine in a Michigan case concerning the interpretation of a city zoning ordinance:
>
> > In *Pullman,* the Supreme Court held that when state court construction of an unclear state statute might narrow or eliminate a federal constitutional question, abstention may be justified under principles of comity in order to avoid "needless friction with state policies." *Id.* at 500. In *Tyler v. Collins*, 709 F2d 1106, (6th Cir. 1983), the Sixth Circuit established two requirements for *Pullman* abstention: an unclear state law and the likelihood that a clarification of the state law would obviate the necessity of deciding the federal constitutional question. *Id.* at 1108. Both requirements are met in this case. The zoning ordinance in question is unclear, and construction of the statue in Gannett's favor would eliminate the necessity of the district court deciding whether the ordinance is consistent with the first amendment.

---

[2]Finally, the Court notes that in their Reply Brief, Defendants alternatively ask this Court to stay the federal claims in this action pending a resolution of the zoning appeal. This Court declines to do so. Defendants seek the stay on the basis that "depending on the outcome of the BZA appeal, the federal claims could be mooted in whole or in part." (Defs.' Reply Br. at 7). But they do not explain why they believe that is the case. With respect to their federal claims, Defendants seek an award of money damages. Even if they prevail on the zoning appeal, that would not result in a monetary award. This Court fails to see how prevailing on the zoning appeal would moot the federal claims. Plaintiffs indicate that even if the zoning appeal is resolved in their favor, they still wish to pursue their federal claims. (*See* Pls.' Br., Docket Entry No. 8 at 25).

> *Gannett Outdoor Company of Michigan v. City of Pontiac*,
> unpublished opinion of the U.S. Court of Appeals for the Sixth
> Circuit; No 92-1598, 92-1622; 16 3d 1219 (Table, 1994 WL 12652
> (C.A. 6 (Mich.))

In this case, the resolution of the state court proceedings may obviate the need to resolve Plaintiffs' purported federal claims. Accordingly, this Court should abstain from addressing those claims.

(Defs.' Motions at 5-6).

In response, Plaintiffs agree that the two requirements for *Pullman* abstention are: 1) an unclear state law; and 2) the likelihood that a decision on the state issue would obviate the need to decide the federal question. But Plaintiffs assert that, in this case, "*Pullman* abstention is simply inappropriate:"

> First, there is no unclear state law present here. DMPA's state claims arise under the Michigan Open Meetings Act and Zoning Enabling Act, as well as the related ordinances. These statutes and ordinances are clear and well-settled, and are not being challenged as ambiguous or vague.

(Pls.' Resp. Br. at 24). Plaintiffs also assert that Defendants have not established the second requirement either because even if Plaintiffs prevail on their zoning appeal, they still intend to pursue their federal claims in this case and pursue a monetary damages award. (*Id*. at 24-25).

The Court concludes that Defendants have not established that this Court should abstain from hearing Plaintiff's federal claims based upon the *Pullman* doctrine.

*Pullman* abstention is "appropriate only when state law is unclear and a clarification of that law would preclude the need to adjudicate the federal question." *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011); *see also Anderson v. Charter Twp. Of Ypsilanti*, 266 F.3d 487, 491 (6th Cir. 2001) (the "classic reason to apply the *Pullman* abstention doctrine is where the remanded state-law question is an independent and unsettled issue best

13

decided by the state courts.").

As Plaintiffs note in opposing the motions, Defendants have not identified any unclear state laws that are at issue in this case.  As such, *Pullman* abstention is not warranted.  *Id.; see also Cingular Wireless, LLC v. Thurston Cnty.,* 150 F. App'x 633, 635 (9th Cir. 2005) (The requirements for *Pullman* abstention are not satisfied here because the County has not identified an unsettled issue of state or local law that would be determinative of the federal claims.); *Chiropractic America v. Lavecchia*, 180 F.3d 99, 114 (3rd Cir. 1999) (Because Defendants have "not identified a single specific issue of state law that is both unclear and relevant to the issues the federal court has been asked to address," *Pullman* abstention would be inappropriate.); *Kelly v. Loepman*, 680 F.Supp. 1101, 1106 (S.D. Ohio 1987) "[A]bstention under the *Pullman* doctrine is inappropriate because there have been no uncertain issues of state law or ambiguous state statutes which have been identified.") *15192 Thirteen Mile Rd. v. City of Warren*, 593 F.Supp. 147, 152 (D.C. Mich. 1984) (Declining to abstain from hearing claims where "Defendant has not identified any uncertain state law issues which would require abstention under *Pullman*.").

Accordingly, the Court denies Defendants' requests that the Court abstain from hearing Plaintiffs' federal claims and will allow the federal claims (Counts III & IV) to proceed in this action.

**II.   Should This Court Nevertheless Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' State-Law Claims (Counts I & II) And Dismiss Those Claims Without Prejudice?**

In the pending motions, Defendants challenge Count I & II of Plaintiff's Complaint in a single paragraph:

> Federal courts are courts of limited jurisdiction.  It is too obvious for

14

words that this Court has no jurisdiction to decide an appeal of the BZA's decision. This is neither a federal question, nor is there any other ground for jurisdiction. *See* 28 USC § 1331, § 1332. All of Plaintiffs' state court claims (Count I and II) should be dismissed for lack of jurisdiction.

(Defs.' Briefs at 3).

Defendants' argument fails to appreciate that Plaintiffs' Complaint asserts that this Court has federal question jurisdiction over Counts III & IV (pursuant to 28 U.S.C. § 1331) and that Plaintiffs ask the Court to exercise supplemental jurisdiction[3] over their state-law claims. (Compl. at 9).

In their Reply Brief, Defendants argue that this Court should not exercise supplemental jurisdiction over Plaintiffs' state-law claims.

Plaintiffs assert that the Court should exercise supplemental jurisdiction over their state-law claims, which are the claims alleging violations of Michigan's Open Meetings Act and the zoning appeal. Plaintiffs assert that this Court may exercise supplemental jurisdiction over their zoning appeal and rely on *Dubuc v. Green Oak Twp*., 810 F.Supp. 867 (E.D. Mich. 1992) and *Hucel Advtg., LLC v. Charter Twp. of Gaines,* 748 F.3d 273 (6th Cir. 2014).

*Dubuc*, was not a case in which the district court was asked to proceed over an appeal of a zoning decision. *Dubuc*, 810 F.Supp. at 870 ("This action asserts federal and constitutional claims, alleging violations of plaintiff's first, fifth, and fourteenth amendment rights. It is not an appeal from a determination of the zoning board of appeals.").

---

[3]While Plaintiffs included the wrong citation for the supplemental jurisdiction statute, listing it as 28 U.S.C. §1338 instead of § 1367, they have nevertheless asked the Court to exercise supplemental jurisdiction over Count I & II. Moreover, Plaintiffs themselves have noted their typographical error and have offered to file an Amended Complaint if the Court deems it necessary. (*See* Pls' Resp. Br. at 10 n.3).

15

*Hucel*, however, supports Plaintiffs' position that this Court may exercise supplemental jurisdiction over the zoning appeal claim, if it chooses to do so.

The doctrine of supplemental jurisdiction, originally set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), was codified by 28 U.S.C. § 1367. Section 1367 grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (citations omitted). That is because the doctrine of pendent or supplemental jurisdiction is a "doctrine of discretion" and its justification lies in "considerations of judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. 715, 726 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Id.*

Section 1367 further provides that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Count I of Plaintiffs' complaint, the zoning appeal claim, is the heart of this matter and

16

this Court concludes that it substantially predominates over the federal claims in this action.

That zoning appeal claim predominates over the federal claims in this action in terms of proof,

scope of issues raised, and comprehensiveness of remedies.  It is the only claim that can

potentially give Plaintiffs the ultimate relief they seek – an outright reversal of the zoning

decision.

This Court also concludes that the interest in judicial economy, which provides the basic

justification for the exercise of supplemental jurisdiction, would not be served by having

Plaintiffs' state-law claims proceed in this action along with their federal claims.

Plaintiffs' federal claims (Counts III and IV) will be tried by a jury.[4]  But Count I of Plaintiffs'

Complaint, the zoning appeal claim, is a claim that must be decided by the Court, not a jury.  *See*

Mich. Comp. Laws   § 125.3606 (A party aggrieved by a decision of the zoning board of appeals

"may appeal to the circuit court for the county in which the property is located," the "circuit

court shall review the record and decision," and the circuit court reviewing a decision by a

zoning board of appeals "may affirm, reverse, or modify the decision," "order further

proceedings on conditions that the court considers proper," or "may make other orders as justice

requires.")[5]

---

[4]Plaintiffs filed a jury demand.  (*See* Docket Entry No. 1 at Pg ID 64).

[5]In addition, it appears that the Open Meetings Act claims would also be heard by the Court, not decided by a jury.  Michigan's Open Meetings Act provides that "any person may commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of the act."  Mich. Comp. Laws § 15.270 (1).  The circuit court may invalidate any decision made by a public body under various circumstances.  Mich. Comp. Laws § 15.270(2). The Act also allows a person to file suit to enjoin further noncompliance with the act (Mich. Comp. Laws § 15.271 (1)) and provides that a public official who intentionally violates the act can be fined $500.00 (Mich. Comp. Laws § 15.273).  This Court has not located any decisions wherein an Open Meetings Act claim was tried to a jury.

17

Accordingly, this not the typical situation where an additional state-law claim or two would be included in a single jury trial.  Rather, there would be two separate trials if this Court were to exercise supplemental jurisdiction over Plaintiffs' state-law claims.  And the *federal* court would be deciding the *state-law* claims.

Finally, the Court notes that Plaintiffs have already filed an appeal of the zoning decision in Wayne County Circuit Court.

Under these rather unique circumstances, the Court concludes that the better course is to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED Defendants Motions to Dismiss are GRANTED IN PART AND DENIED IN PART.

The motions are DENIED to the extent that this Court concludes that Defendants have not established that the Court should abstain from hearing the federal claims under either the *Burford* or *Pullman* doctrines.  Thus, Plaintiff's federal claims (Counts III and IV) shall proceed in this action.

With respect to Plaintiffs' state-law claims, however, this Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER those claims and, therefore, Counts I and II of Plaintiffs' Complaint are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  May 14, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Detroit Memorial Park Association, Inc.,
*et al.*,

       Plaintiffs,

v.                                Case No. 14-14156

City of Detroit Board of Zoning Appeals,   Sean F. Cox
 *et al.*,                          United States District Court Judge

       Defendants.
_____/

**PROOF OF SERVICE**

       I hereby certify that a copy of the foregoing document was served upon counsel of record

on May 14, 2015, by electronic and/or ordinary mail.

                                 S/Jennifer McCoy
                                 Case Manager